IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 18–cv–01722–KMT

REUBEN WATERMAN,

    Plaintiff,

v.

THE CITY OF COLORADO SPRINGS, COLORADO, a home rule city and Colorado municipal corporation, to include all its enterprises,

    Defendant.

## ORDER

Before the court is Plaintiff's "Motion for Deposition Transcript and Extension of Time to File a Response." (["Motion"], Doc. No. 41.) Defendant has responded in opposition to Plaintiff's motion, and Plaintiff has replied. (["Response"], Doc. No. 44; ["Reply"], Doc. No. 45.)

### STATEMENT OF THE CASE

*Pro se* Plaintiff Reuben Waterman,[1] proceeding *in forma pauperis* ["IFP"], brings suit against Defendant The City of Colorado Springs, alleging discriminatory hiring practices, in

---

[1] Ordinarily, *pro se* filings are interpreted with greater liberality than is afforded to filings by counseled parties. *Comm. on the Conduct of Attorneys v. Oliver*, 510 F.3d 1219, 1223 (10th Cir. 2007). However, if, as here, the *pro se* party is an attorney (*See* Compl. 3.), his filings are interpreted the same as in a counseled case. *Id.*

violation of the Age Discrimination in Employment Act of 1967 ["ADEA"], 29 U.S.C. § 621 *et seq.*. (["Complaint"], Doc. No. 6; *see* Doc. No. 4.)

Plaintiff is an attorney with over forty years of professional experience. (Compl. 3.) On August 22, 2017, Plaintiff applied for two positions available with Defendant: City Attorney Division Chief and Staff Attorney. (*Id.*; ["Answer"], Doc. No. 11 at 2.) At that time, Plaintiff was seventy-five-years old. (Compl. 3.) On September 20, 2017, Defendant's Human Resources Recruiter, Frances Huffman, sent Plaintiff an email, informing him that the City Attorney Division Chief position had been filled. (*Id.*; Answer 2.) A few weeks later, on October 12, 2017, Plaintiff received another email from Huffman, which stated that the Staff Attorney position had also been filled. (*Id.*) Plaintiff alleges that the two individuals hired by Defendant were "much younger and less qualified" than him. (Compl. 3.)

On July 6, 2018, Plaintiff filed this action, asserting a claim for age discrimination, based on Defendant's failure to hire him for either of the attorney positions. (*Id.* at 3.) At the close of discovery, on September 13, 2019, Defendant moved for summary judgment on Plaintiff's claim. (Doc. No. 38.) In support of its motion for summary judgment, Defendant attached excerpts from Plaintiff's deposition testimony. (Doc. No. 39 Ex. 3.)

On September 17, 2019, Plaintiff filed a motion to compel Defendant to provide him with a gratis copy of his entire deposition testimony, so that he can "effectively respond" to Defendant's summary judgment motion. (Mot. 3-5.) Plaintiff contends that he should not have to pay for a copy himself, because he is a *pro se* IFP litigant.[2] (*Id.* at 1, 3.) In addition, Plaintiff

---

[2] Plaintiff argues that it would be "equitable" for the court to "assess [him] with the cost of the transcript upon application by [] Defendant at the conclusion of this litigation." (Mot. 3.)

2

requests an extension of time to file his response to Defendant's motion. (*Id.* at 4.) Specifically, Plaintiff asks for an additional twenty-one days after the issuance of this Order to respond, "or until Defendant provides a copy of the transcript sought, whichever occurs last." (*Id.*)

## ANALYSIS

Plaintiff first argues that the court should, pursuant to its "inherent equitable powers," order Defendant to furnish him with a copy of his own deposition testimony.[3] (*Id.* at 2.) In making that argument, Plaintiff emphasizes the disparity in the parties' relative financial circumstances. (*Id.* at 3.) However, even if Plaintiff is indigent, his obligations to finance his own litigation expenses cannot be arbitrarily thrust upon Defendant. *See Tabron v. Grace*, 6 F.3d 147, 158-60 (3d Cir. 1993) ("[I]ndigent litigants [must] bear their own litigation expenses."). Indeed, "[a] defendant is not required to advance a plaintiff's stenographic and transcription deposition expenses merely because a plaintiff is unable to pay for such expenses." *Doe v. United States*, 112 F.R.D. 183, 184 (S.D.N.Y. 1986); *Badman v. Stark*, 139 F.R.D. 601, 606 (M.D. Pa. 1991).

In this case, Plaintiff has failed to put forth any justifiable reason for requiring Defendant to provide him with a free copy of his entire deposition transcript. Plaintiff argues that Defendant "created the necessity" for the transcript, because it "rel[ied] on hand-picked excerpts from the deposition to factually support its motion for summary judgment." (Mot. 2.) However, given that the Local Rules of Practice explicitly require parties to "limit exhibits to essential

---

[3] Plaintiff also seeks to compel production of the deposition transcript, pursuant to Rule 56.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil. (Mot. 4.) However, Local Rule 56.1(c), which addresses the filing of exhibits, is inapposite. *See* D.C.COLO.LCivR 56.1(c).

portions of documents," Plaintiff's argument is without merit. D.C.COLO.LCivR 56.1(c); *see* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to *particular parts* of materials in the record.") (emphasis added).

Importantly, Plaintiff seeks a copy of his *own* testimony. Because Plaintiff was the deponent, he is assumed to be knowledgeable of the substance of his testimony. *See Tabron*, 6 F.3d at 159 (finding no abuse of discretion in the denial of a *pro se* plaintiff's motion to compel defendants to provide a copy of deposition transcripts, because the record showed that the plaintiff "attended and participated in all of the depositions and therefore was able to take notes and compile information from the live testimony"); *Dowling v. Sturgeon Elec. (MYR Grp.)*, No. 10-cv-01118-REB-KMT, 2011 WL 5357264, at *1 (D. Colo. Nov. 7, 2011) (denying a *pro se* plaintiff's motion to compel production of her own deposition transcript, because she "should be quite familiar with the substance of her deposition testimony").

Aside from the fact that Plaintiff is indigent, and his conclusory statement that his ability to respond to Defendant's motion for summary judgment will otherwise be "indisputably impaired," Plaintiff has failed to show any entitlement to a gratuitous copy of his deposition transcript. For that reason, Plaintiff's motion to compel production of that transcript is denied.[4]

As a final matter, Plaintiff asks for an extension of time to respond to Defendant's motion for summary judgment. (Mot. 4.) Plaintiff does not provide any specific reason for the

---

[4] In his Reply brief, Plaintiff argues, for the first time, that Federal Rules of Civil Procedure 56(d) and (e) "grant this Court the power to order the relief sought by Plaintiff." (Reply 1.) However, Plaintiff provides no support for that assertion. Further, to the extent that Plaintiff raises new arguments in his Reply brief, those arguments are disregarded. *See Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006).

requested extension. Nevertheless, the court finds that an extension of seventeen days will not cause unnecessary delay in this case.

Accordingly, it is

**ORDERED** that Plaintiff's "Motion for Deposition Transcript and Extension of Time to File a Response" (Doc. No. 41) is **GRANTED in part and DENIED in part**. Specifically, Plaintiff's motion to compel Defendant to provide a copy of Plaintiff's deposition transcript is denied. Plaintiff's motion for an extension of time to file a response is granted. **Plaintiff shall file a response to Defendant's motion for summary judgment, no later than November 1, 2019.**

This 15th of October, 2019.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge