**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:18-cv-01722-RM-KMT

REUBEN WATERMAN,

　　Plaintiff,

v.

THE CITY OF COLORADO SPRINGS,

　　Defendant.

---

**ORDER**

---

This matter is before the Court on Plaintiff's Motion to Exclude Defendant's Expert's Testimony (ECF No. 46) and Plaintiff's Objections to Order Denying Motion for Deposition Transcript (ECF No. 50). The Court denies the former and overrules the latter.

**I.　LEGAL STANDARDS**

"A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The Court has the duty to act as a gatekeeper by ensuring that an expert's testimony rests on a reliable foundation and is relevant to the task at hand. *Bill Barrett Corp. v. YMC Royalty Co., LP*,

918 F.3d 760, 770 (10th Cir. 2019). The Court first determines whether the proffered expert is qualified to render an opinion, then whether the expert's opinion is reliable. *Id.*

This Court can modify or set aside a magistrate judge's order on a nondispositive matter only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.2d 562, 566 (10th Cir. 1997). The Court must have "a definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted).

## II. BACKGROUND

Plaintiff brought this lawsuit after he was denied two positions with Defendant: City Attorney Division Chief and Staff Attorney. Plaintiff was seventy-five at the time, and he contends that he was discriminated against on the basis of age because younger and less qualified applicants were selected for those positions. Although Plaintiff is a licensed attorney, he proceeds pro se in this matter. He also proceeds in forma pauperis. (ECF No. 4.)

In support of its failure-to-mitigate defense, Defendant designated a damages expert who developed the following opinions: (1) Plaintiff's evidence documenting his search for alternative employment as an attorney ignored many other jobs that were available, (2) to the extent Plaintiff fails to consider these alternative jobs, his alleged damages are overstated, and (3) Plaintiff's assertion of "worklife expectancy" is overstated and not based on available statistical evidence. (ECF No. 46-3, Supplemental Expert Report at 3.)

Defendant attached four pages of Plaintiff's deposition to its motion for summary judgment. (ECF No. 39-14.) Citing his inability to purchase an entire transcript, Plaintiff moved for an order compelling Defendant to produce a complete copy of the transcript. (ECF No. 41.) After the request was fully briefed, the magistrate judge denied Plaintiff's request,

finding that he "failed to show any entitlement to a gratuitous copy of his deposition transcript." (ECF No. 48 at 4.)

III. ANALYSIS

A. Motion to Exclude

Plaintiff first argues that the expert report should be excluded because the opinions do not require technical or specialized knowledge. He contends that the damages expert's calculations amounted to simply counting the number of jobs on the Colorado Bar Association's jobs board on two specific days and "breaking the jobs into five geographic locations for each date." (ECF No. 46-1 at 4.) He also argues that the expert merely compared Plaintiff's life expectancy to a statistic. Defendant responds that the damages expert relied on his specialized knowledge of damages assessments and the documents Plaintiff provided in discovery to develop his opinions. Defendant also contends that testimony from the damages expert would assist the jury in determining whether Plaintiff made reasonable efforts to mitigate his damages by seeking other employment. The Court agrees with Defendant and concludes that Plaintiff has failed to provide a basis for excluding the damages expert's testimony.

Plaintiff next argues that the damages expert's reasoning and methodology are fatally flawed because his report is based on unjustified assumptions. However, these are strawman arguments. The damages expert did not have to assume that "the Colorado Bar Association's jobs board is the only or definitive source for job leads" or that "Plaintiff could have and should have applied to all the jobs listed" to make his opinions. (ECF No. 46-1 at 5.) Plaintiff's additional contentions regarding the damages expert's reasoning and methodology ultimately go to the weight that should be given to his opinions, not the admissibility of his testimony. *See Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1244 (10th Cir. 2000); *see also Daubert v.*

3

*Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

**B.     Objections to Order**

Plaintiff argues that the magistrate judge erred by denying his request for a full transcript of his deposition. As a threshold matter, the Court rejects Plaintiff's contention that the Court should review de novo the magistrate judge's order. The Plaintiff provides no authority or compelling reason for the Court to treat the order as a dispositive ruling. *See* Fed. R. Civ. P. 72.

Plaintiff cites no authority for the proposition that Defendant has an obligation to advance the costs of litigating his own case. Moreover, as the deponent, Plaintiff should already be familiar with the testimony. The fact that the magistrate judge referred to Plaintiff's motion as requesting a "gratuitous" copy of his deposition transcript when he has offered to pay for it later is immaterial. (ECF No. 50 at 1.) Under the circumstances, the Court discerns nothing clearly erroneous or contrary to law in the magistrate judge's decision to deny Plaintiff's motion.

**IV.     CONCLUSION**

Accordingly, the Court DENIES the motion to exclude (ECF No. 46) and OVERRULES the objections (ECF No. 50).

DATED this 2nd day of December, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge