**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 18-cv-01722-RM-KMT

REUBEN WATERMAN,

     Plaintiff,

v.

THE CITY OF COLORADO SPRINGS,

     Defendant.

---

## ORDER

---

     Before the Court is Defendant's motion for attorney fees pursuant to 28 U.S.C. § 1927 (ECF No. 66), filed on June 12, 2020.  Plaintiff, an attorney who proceeded pro se in this case, has not responded to the motion.  For the reasons below, the Court grants the motion.

## I.    LEGAL STANDARD

     Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Sanctions may be appropriate when an attorney acts recklessly or with indifference to the law or intentionally acts without a plausible basis or when the entire course of the proceedings was unwarranted.  *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1278 (10th Cir. 2005).

## II.    BACKGROUND

Plaintiff brought this lawsuit after he was denied two positions with Defendant: City Attorney Division Chief and Staff Attorney.  Plaintiff was seventy-five at the time, and he contended that he was discriminated against on the basis of age because younger and less qualified applicants were selected for those positions.  The Court entered judgment in Defendant's favor after Plaintiff failed to respond to Defendant's motion for summary judgment.

In its motion for attorney fees, Defendant argues that Plaintiff failed to provide any evidence to support his discrimination claim.  For example, he did not adduce any evidence that the individuals selected for the positions he applied for were less qualified than him.  Nor did he even respond to Defendant's motion for summary judgment.  Defendant also argues that Plaintiff filed numerous motions without legal support, including a motion for deposition transcript and a motion to exclude expert testimony.  Both motions were denied, and the Court overruled Defendant's objection to the magistrate judge's ruling on the motion for deposition transcript.

## III.   ANALYSIS

Defendant argues that Plaintiff's actions were vexatious and unreasonable and that it is entitled to its reasonably attorney fees for drafting its summary judgment motion and for defending against Plaintiff's meritless motions.  The Court agrees.  As Defendant's note, Plaintiff initiated this lawsuit without any evidence that the individuals hired were less qualified than him.  And when he was confronted with Defendant's arguments on the legal and factual deficiencies of his claim, he declined to defend the claim or dismiss the case.  Instead, he filed the unsuccessful motions and objection described above.  Arguments defending Plaintiff's litigation strategy could perhaps be made, but Plaintiff has offered none.  The Court expects

Plaintiff, as an attorney, to be more circumspect in fulfilling his duties to the Court and other litigants.

Defendant has submitted appropriate documentation in support of its request.  The Court finds that number the hours spent preparing the motion for summary judgment and responding to Plaintiff's motions is reasonable.  The Court further finds that the rates charged by the two attorneys who handled this matter are reasonable.  Accordingly, Defendant is entitled to attorney fees in the amount of $15,591.60.

## IV.     CONCLUSION

Therefore, the Court GRANTS the motion for attorney fees (ECF No. 66).

DATED this 19th day of October, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge